IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ODETTE KIRBY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No: 13-cv-2072 KHV/KMH |
| | ) |
| **ENCORE RECEIVABLE** | ) |
| **MANAGEMENT, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

NOW COMES the Plaintiff, ODETTE KIRBY, by and through her attorneys, SMITHMARCO, P.C., and for her complaint against the Defendant, ENCORE RECEIVABLE MANAGEMENT, INC., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. ODETTE KIRBY, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Kirkland, County of King, State of Washington.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to GE Money Bank (hereinafter, "the Debt").

6. The Debt was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. ENCORE RECEIVABLE MANAGEMENT, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Washington. Defendant is incorporated in the State of Kansas.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.  ALLEGATIONS

14. In or around December 2012 through in or around January 2013, Defendant initiated multiple telephone calls to Plaintiff in an attempt to collect the Debt.

15. During the aforesaid time period, and on multiple occasions therein, Defendant initiated multiple telephone calls to Plaintiff in a single day in an attempt to collect the Debt.

16. During the aforesaid time period, and on multiple occasions therein, Defendant initiated as many as three (3) telephone calls to Plaintiff in a single day in an attempt to collect the Debt.

17. During the aforesaid time period, and on multiple occasions therein, Defendant initiated as many as eight (8) telephone calls to Plaintiff in a single day in an attempt to collect the Debt.

18. During the aforesaid time period, Defendant initiated as many as nine (9) telephone calls to Plaintiff in a single day in an attempt to collect the Debt.

19. During the aforesaid time period, Defendant initiated as many as thirteen (13) telephone calls to Plaintiff in a single day in an attempt to collect the Debt.

20. From on or about December 22, 2012 through on or about January 5, 2012, Defendant initiated as many as seventy-seven (77) telephone calls to Plaintiff in an attempt to collect the Debt in the span of fourteen (14) days.

21. The repetitive calls made by Defendant to Plaintiff were disturbing, harassing, and had the effect of making Plaintiff feel concerned and suspicious about answering the telephone.

22. Defendant knew or reasonably should have known that Plaintiff would find Defendant's conduct in initiating multiple telephone calls to Plaintiff in a single day to be abusive.

23. Defendant knew or reasonably should have known that Plaintiff would find Defendant's conduct in initiating multiple telephone calls to Plaintiff in a single day to be harassing.

24. In its attempts to collect the Debt, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Caused a telephone to ring or engaged any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number in violation of 15 U.S.C. §1692d(5); and,

   b. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

25. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

26. Plaintiff hereby demands a trial by jury on all issues so triable.

27. The Plaintiff, ODETTE KIRBY, by and through her attorneys, SMITHMARCO, P.C., hereby respectfully requests that the trial of this matter proceed in Kansas City.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ODETTE KIRBY, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

   a. All actual compensatory damages suffered;

   b. Statutory damages of $1,000.00;

   c. Plaintiff's attorneys' fees and costs;

      d.      Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,

**SMITHMARCO, P.C.**

Dated: February 11, 2013           By:     s/ Mandy M. Shell

Mandy M. Shell, KS Bar # 23410
1656 Washington, Ste. 140
Kansas City, MO 64108
Telephone:  (913) 871-4170
Facsimile:   (888) 418-1277
E-Mail:      mshell@smithmarco.com
ATTORNEY FOR PLAINTIFF